MR. JUSTICE DALY
(dissenting):
I dissent.
The appellant-officer appeals from an adverse ruling of the district court and his principal issue on appeal is that the “Metropolitan Police Law” establishes his right to a hearing, as a probationary full-time officer, when charges have been made against him. As a secondary consideration appellant argues that these charges reflect on his good name and reputation, etc., in the community and therefore he is entitled to a hearing as a matter of procedural due process under the Fourteenth Amendment to the Constitution of the United States. He does not declare that the City published the charges but that in seeking employment thereafter he will be subject to publication of the alleged misconduct which has never been explained.
Respondent argues that the mayor gave “reasons” not “charges” upon dismissal. This is not to be argued before this Court as the matter comes to us without a record upon an “Agreed Statement of Evidence”. In the agreed statement of evidence in two separate places it is agreed that these are “charges” against the officer.
Somehow the majority has completely avoided any treatment of the principal issue raised by appellant. Then it has through some syllogistic method, not disclosed, arrived at the conclusion that from the facts “emerges but one single issue of constitutional law.” From there the majority gets into a jungle of “vested rights” attached to “liberty” or “property” and declares none exist. The authority being the Roth case, supra, which holds that a “property right” is created from state laws not the *13 Constitution and a hearing is essential when “Good name, reputation, honor or integrity is at stake because of what the government is doing to him * *
Roth does support the principal argument on the statute made by the appellant, who draws his constitutional and property right from the State law.
The language of section 11-1806(1), R.C.M.1947, is clear and unambiguous; the police commission shall hear, try and decide all charges brought by any person against any member or officer of the police department. The three factors (1) charges, (2) brought by any person, and (3) against an. officer, exist in appellants case. The district court found in its order of May 29, 1975, that plaintiff’s petition “Paragraphs I through X are a fair recitation of the facts in this case * * Paragraphs I, III and VIII of plaintiff’s petition set forth that Officer Schend was a “full-time Police Officer at the time of his removal” and that the mayor alleged “charges” against Officer Schend concerning. Officer Schend’s “performance of duty, attitude towards his superiors and lack of cooperation with his superiors”. In addition, the fact that appellant was a “full-time Police Officer”, and that the mayor alleged “charges”, is part of the agreed statement of evidence before this Court. Clearly, appellant in his capacity as an officer, was accused of charges by the mayor.
On the basis of this Court’s decision in State ex rel. O’Neill v. Mayor of City of Butte, 96 Mont. 403, 30 P.2d 819, wherein the Court held that the mayor has the authority during the probationary period to terminate the officer, without cause or hearing, the district court here reasoned that until once confirmed by the city council as required by section 11-1803, R.C.M.1947, the probationary appointee is not a member of the police force. Thus, concluded the district court in the memorandum to its order of May 29, 1975, the mayor had the authority to terminate' the employment of Officer Schend as he had no standing or protection under the provisions of section 11- *14 1806, R.C.M.1947, requiring a hearing. Therein the district court erred.
The is no conflict in the statutes as found by the district court. The mayor can at any time during an officer’s probationary period terminate the appointment. However, when the mayor or anyone else selects to file charges against “any officer or member of the police department”, the police commission not only has “jurisdiction” but a “duty” imposed by statute to hear, try and decide “all charges”.
The judgment of the district court should be reversed; the officer-appellant reinstated to his position on the police force.